UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ABDUL SAFI ALI DAOUD,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

Case No.  1:26-cv-0013 DJC CSK P

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and exceeds statutory authority.  (Id. (claims one through three).)  For the following reasons, this Court recommends that the petition be granted.

On January 2, 2026, petitioner filed a motion for a temporary restraining order.  (ECF No. 2.)  On January 5, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in many prior cases.  (ECF No. 4 (citing Singh v. Andrews, No. 1:25-cv-01543-DJC-SCR; Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CSK; Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD; and Souza v. Robbins, No. 1:25-cv-01597-DJC-JDP.)  The district court directed respondents to show cause whether there are any factual or legal issues in this case

1

that render it distinct from the district court's prior orders in the cases listed above and would justify denial of a preliminary injunction. (ECF No. 4.) On January 7, 2026, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 5.) In the opposition, respondents argued that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225, but also acknowledged that this case does not appear to present any facts distinguishing it substantively from Mariagua, No. 1:25-cv-01744-DJC-CSK (E.D. Cal. Dec. 11, 2025). (ECF No. 5 at 3-4.) On January 8, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from the four cases cited in the January 5, 2026 order, converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction. (ECF No. 6.) In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. (Id.) In addition, the district court ordered that at any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present. (Id.) The district court referred this action to the assigned Magistrate Judge for all further pretrial proceedings. (Id.)

On January 27, 2026, in response to this Court's order requiring a joint status report, the parties agreed that no additional briefing is needed on the merits of the underlying petition, and that the Court may decide the petition on the basis of all briefing filed to date. (ECF No. 9.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary injunction and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claims one through three).[1] See Singh, No. 1:25-cv-

---

[1] Petitioner identified a fourth claim for relief in which he seeks immediate relief or, in the alternative, a prompt individualized custody hearing. (ECF No. 1 at 17.) Petitioner has been

2

01543-DJC-SCR; Mariagua, No. 1:25-cv-01744-DJC-CSK; Ortega, No. 1:25-cv-01663-DJC-CKD; and Souza, No. 1:25-cv-01597-DJC-JDP.  As the district court explained in Mariagua, respondents' contention that § 1225 applies to noncitizens who have been present within the United States for a meaningful period of time is unavailing because of the weight of authority rejecting such a broad reading of § 1225, and "would contravene decades of agency practice and render significant swaths of this statute surplusage."  12/11/2025 Order at 4, Mariagua, No. 1:25-cv-01744-DJC-CSK (ECF No. 11).

This Court further recommends that a permanent injunction be issued on the same terms as the preliminary injunction.

Accordingly, it is hereby RECOMMENDED that:

1.  The petition for writ of habeas corpus be GRANTED.

2.   A permanent injunction be issued enjoining and restraining respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present.

3.  The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

---

released from custody, so no further discussion as to the fourth and final claim is required.

Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 11, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/daou0013.157.2241.imm